# UNITED STATES DISTRICT COURT
for the

District of Maryland

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Sergio Nunez | ) | Case No. 13-1236 TJS |
| | ) | |
| *Defendant(s)* | ) | |

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 23 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 22, 2013__ in the county of __Howard__ in the
_____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1) | Possession with the Intent to Distribute Cocaine |

This criminal complaint is based on these facts:
See attached Affidavit of Susannah Wood.

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA Special Agent Susannah Wood
Printed name and title

Sworn to before me and signed in my presence.

Date: 05/23/2013

_____
Judge's signature

City and state: Baltimore, Maryland

Timothy J. Sullivan, U.S.M.J.
Printed name and title

13-1236 TJS

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I. Purpose of the Affidavit

1. This affidavit is submitted in support of a criminal complaint charging Sergio Nunez with possession with the intent to distribute five kilograms (5000 grams) or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. Section 841. The maximum penalty for this offense is life imprisonment, a fine of $10,000,000, and five years of supervised release. A mandatory minimum sentence of ten years is also applicable to this offense.

II.
2. Your Affiant, Susannah Wood, is an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18 of the United States Code. Specifically, your Affiant is currently employed as a special agent with the Drug Enforcement Administration (DEA).

3. Your Affiant has been employed as a special agent by the DEA for approximately eight months. Upon graduation from the Drug Enforcement Administration Training Academy, your Affiant was assigned to the Baltimore District Office High Intensity Drug Trafficking Area Group 51.

4.  Your Affiant has received 17 weeks of training while attending the Drug Enforcement Administration Training Academy which dealt with drug identification of controlled dangerous substances, surveillance techniques, law, interrogation techniques, defensive tactics, and firearms training.

5.  During your Affiant's tenure with the Drug Enforcement Administration, she has participated in the writing, preparation, and execution of one search and seizure warrant, which resulted in the seizure of 17 pounds of marijuana, and has participated in several search and seizure warrants that have resulted in quantities of controlled dangerous substances, assorted items of packaging materials, paraphernalia related to the narcotics trade, ledger sheets, customer lists, currency and weapons used in the furtherance of illegal narcotics trafficking.

6.  As a result of her law enforcement experience, your Affiant, SA Wood, has debriefed several defendants and others who have had experience in the distribution, packaging, and distribution of controlled dangerous substances. Consequently, your Affiant has become familiar with the phraseology and practices of those that abuse and illegally distribute controlled dangerous substances.

III.  Probable Cause

7.  On May 22, 2013, Howard County Police Officers Doug Catherman and Tom Townsend were advised by Howard County Police Detective Mike Mui of a vehicle exceeding the maximum speed limit on Robert Fulton Drive, Columbia, MD. Officers Townsend and Catherman observed the vehicle make a left turn onto Columbia Gateway Drive.

Officer Townsend initiated a stop on the vehicle. Officer Catherman contacted the driver.

The driver identified himself as Sergio Nunez via a California driver's license. Nunez could not provide vehicle registration or proof of rental agreement for the vehicle he was driving. Officer Catherman asked Nunez to step out of the vehicle. Nunez got out of the vehicle and was asked to stand in a safe spot off on the side of the road. Howard County K-9 Officer Lapp responded to the scene with his dog in a matter of minutes. While Officer Catherman asked Nunez about the rental vehicle, K-9 Officer Lapp scanned the vehicle with his trained police canine. The dog is currently certified in the detection of controlled substances and has proven reliable in the past, successfully detecting controlled substances on numerous occasions. During the scan of the vehicle, the canine alerted for the presence of controlled dangerous substances. At that time, Nunez was secured in handcuffs and was advised he was being detained based on the positive alert by the dog.

Officers Catherman and Townsend then searched the vehicle. The officers located two black duffel bags, each containing a large quantity of dark cellophane wrapped bricks. Officers recognized the packages to be a manner consistent with packaging large quantities of controlled dangerous substances. At this time, Nunez was placed under arrest.

Following the arrest, DEA agents secured the two black duffel bags containing the cellophane wrapped bricks, and determined that the bags contained approximately 50 kilograms of suspected cocaine. One of the cellophane wrapped bricks was opened and field tested, and the substance tested positive for cocaine.

Nunez was given his rights and upon questioning, admitted knowledge that the duffel bags contained cocaine and that he was to be compensated for transporting the cocaine to the intended recipient(s).

Based on your affiant's training and experience, the 50 kilograms of cocaine have a street wholesale value of approximately $1,500,000, and is a quantity intended for distribution and not for personal use.

8.  Based on the foregoing, I submit that there is probable cause to believe that Sergio Nunez did knowingly and intentionally possess and possess with the intent to distribute five kilograms (5000 grams) or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. Section 841.

_[signature]_

Susannah Wood
DEA Special Agent

Subscribed and sworn before me on May 23, 2013.

_[signature]_

Honorable Timothy J. Sullivan
U.S. Magistrate Judge